**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 11-CR-20703
                                                    Honorable Denise Page Hood

SHERROD DAVIS,

    Defendant.

_____/

## ORDER REGARDING PETITION FOR ACTION BY PRE TRIAL SERVICES

This matter is before the Court on a Petition for Action on Conditions of Pretrial Release requested by Pre Trial Services and signed by the Court. The Petition alleges on April 12, 2013, Latia Springer called Pre Trial Services and advised Pre Trial Officer Roland Jonville that Defendant Sherrod Calvin Davis was harassing her and one of her female acquaintances. Ms. Springer further reported that she had seen Defendant with a firearm and she had filed police reports with the Inkster Police Department. Based on this information, Defendant Davis' prior convictions, and the nature of the current offense charged, Pre Trial Services was concerned that the Defendant Davis posed a danger to the community and particularly Ms. Springer. A warrant was issued for Defendant Davis' arrest.

A district judge may revoke an appearance bond and order a defendant detained if the court finds that there is probable cause to believe that a defendant has committed a federal, state or local crime while on release. 18 U.S.C. § 3148. The district judge may also order detention if there is clear and convincing evidence that the person has violated any condition of release and that there is no condition or combination of conditions of release that will assure the defendant will not flee

or pose a danger to the safety of any other person or the community or that the defendant is unlikely to abide by any condition or combination of release. 18 U.S.C. § 3148.

Defendant Davis was arrested by the Marshal's Service. He had just exited a residence at 28752 Glenwood and was the passenger in a vehicle with Ms. Hyleah Clark and a child. There was a baggie of marihuana found on the passenger sear and a loaded 357 firearm was found in a diaper bag in the trunk of the vehicle. Defendant Davis had been seen by officers on surveillance at the trunk of the vehicle before entering the passenger compartment. One of the arresting officers, Task Force Officer, Steven Faith, testified that Ms. Clark indicated at the scene that she did not know whose gun it was. Ms. Clark's April 19, 2013 signed statement to the Inkster Police states in part, "I put my son's diaper bag in the back seat this morning ... At round 12:30 I picked up guy named Jay and took him to the bus stop he sat in the backseat. A little after 4 pm I picked up Sherrod and his daughter at his home on Glenwood and Eastern it wasn't enough room in the back seat so I unlocked the trunk and he put everything in the back seat in the trunk." Upon advice of counsel appointed for her, Ms. Clark later exercised her Fifth Amendment right not to testify about the gun.

The Court received the police reports filed by Ms. Springer, a videotape of the incident at the Sunoco gas station where Defendant is alleged to have harassed Ms. Springer, a letter from Defendant Davis' prospective employer, and an updated Pre Trial Services report. The Court also heard testimony from TFO Faith, Ms. Springer, Ms. Clark, Ms. Springer's friend, Tia Blue, who claims she was also harassed and also saw Defendant Davis with a firearm. Pre Trial Services Officer Jonville also testified.

Defendant Davis is charged in this case with being a Felon in Possession of a Firearm. He was charged during the course of this bond modification hearing with other gun and drug charges

resulting from his arrest on this Petition. Defendant Davis was originally ordered detained by two Magistrate Judges. Defendant Davis was released from custody on December 16, 2011, on $10,000 unsecured bond with conditions, including location monitoring. This Court ordered that release. On March 7, 2012, his bond conditions were amended to a new address and a requirement that he not relocate without prior approval. On December 11, 2012, the condition requiring location monitoring was removed even though Defendant Davis had not been in compliance. Defendant Davis has been inconsistent with his mental health treatment and it is unknown whether he is in compliance with his medication regime. He has lived at five different locations during his release since December 2011.

The Government appealed this Court's decision granting Defendant Davis' Motion to Suppress and it is on appeal. A briefing schedule has just been set.

The Court heard testimony of three women who appear to be at odds, even though they claim they do not know each other well, if at all. Their stories, of course differ with respect to Defendant Davis. Two of them appear to have or have had a relationship with Defendant Davis. The Court makes no finding as to the truth of these variations of their testimony. Their testimonies and their behavior in and out of court raise many issues of credibility. The truth of the information they gave to the police is the subject of Defendant Davis' new charge.

It is enough for the Court to find, based on the allegations made in the police reports at the Inkster Police Department, that Pre Trial Services was warranted in requesting a modification of bond and the Marshal's Service had reason to arrest Defendant Davis on the Petition signed by the Court. Based on the information about the gun and drugs in the police reports, the testimony of TFO Faith regarding the same, the Court draws the reasonable inference that Defendant Davis was at least

in possession of a firearm and drugs when arrested on the Petition. That is enough to find him in violation of his bond conditions. Defendant Davis has a number of prior offenses including drug, weapons and assault convictions. Defendant Davis has not been employed and was not very knowledgeable about his job prospect. He is not taking his mental health treatment very seriously. It does not appear to the Court that he is able to be supervised on Pre Trial release, the Court having already attempted to have him released on location monitoring. Defendant Davis, by inference, continues to possess drugs. The Court also finds it is reasonably inferred that he possessed a gun, at least when arrested.

The Court finds Defendant Davis to be in violation of the conditions of his Pre Trial release. The Court also finds that his alleged possession of a firearm when arrested is not only a violation of his Pre Trial release, but also makes him a danger to the public. There is no condition or combination of conditions of release to assure the safety of other persons or the community or that Defendant Davis will abide by the conditions of release. His bond is therefore revoked and he is ordered detained on Case No.11-20703.

Accordingly,

IT IS ORDERED that Defendant Sherrod Davis' appearance bond is REVOKED and CANCELED. Defendant Davis is DETAINED pending trial in this matter.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: May 16, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 16, 2013, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager